UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

FILED
DEC 21 2022
U.S. DISTRICT COURT
ELKINS WV 26241

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Criminal No. 1:22cr84 |
| TENLEY MEGAN MILLER, | Violation[s]:  18 U.S.C. § 1001<br>18 U.S.C. § 2(a) |
| Defendant. | |

# INFORMATION

The United States Attorney charges that:

At all relevant times to this Information:

1. Defendant TENLEY MEGAN MILLER, individually, and as owner and manager of Reliance Laboratories, Inc. (Reliance), operated commercial environmental laboratories in Bridgeport, Harrison County, West Virginia, and Martinsburg, Berkeley County, West Virginia. Defendant TENLEY MEGAN MILLER worked principally in the Bridgeport office.

2. Defendant TENLEY MEGAN MILLER and Reliance provided environmental sampling and analytical services to customers, including municipal drinking water systems, municipal and private sewage treatment plant operators, and state agencies such as the West Virginia Department of Environmental Protection (WVDEP). The laboratories analyzed drinking water and wastewater samples provided by customers who were subject to federal and state environmental regulation, including the Safe Drinking Water Act (SDWA) and the Clean Water Act (CWA).

1

3. Defendant TENLEY MEGAN MILLER and Reliance were certified by two separate West Virginia state government agencies to perform certain analytical procedures on drinking water and wastewater samples as required by the SDWA, the CWA and parallel state laws.

4. Defendant TENLEY MEGAN MILLER knew that Reliance customers used analytical results generated by performing certified analytical procedures to fulfill their regulatory obligations in determining compliance with federal law, including submitting compliance monitoring data to regulatory agencies.

3. The SDWA was a federal law designed to ensure the safety of drinking water distributed by public water systems to their customers in the United States. The United States Environmental Protection Agency (EPA) promulgated regulations to implement the Act.

4. Under EPA's implementing regulations, a "public water system" was defined to include a system for the provision to the public of water for human consumption through pipes or other constructed conveyances, if such system had at least 15 service connections or regularly served an average of at least 25 individuals daily at least 60 days out of the year. The City of Martinsburg owned and operated a public water system as defined by the SDWA.

5. As directed by the SDWA, EPA promulgated maximum contaminant levels (MCLs) for various drinking water contaminants, including MCLs for total trihalomethanes (TTHM) and haloacetic acids (HAA5). These compounds generated during the disinfection of drinking water prior to distribution and consumption.

6. EPA regulations required each public water system to conduct periodic monitoring to determine whether the public water system complied with the MCLs established under the SDWA, including TTHM and HAA5.

7. The SDWA authorized EPA to delegate to a state the primary responsibility to enforce the SDWA and the implementing regulations. Pursuant to the SDWA and a delegation of authority from EPA, the State of West Virginia, through the West Virginia Department of Health and Human Resources, Bureau of Public Health (WVDHHR), had primary responsibility for enforcing the SDWA and the implementing regulations within the State of West Virginia. Pursuant to the SDWA and West Virginia state law, WVDHHR had promulgated regulations that implemented the SDWA and the regulations, including the adoption of EPA standards for maximum contaminant levels.

8. WVDHHR regulations implementing the SDWA required that the analysis for maximum contaminant levels be conducted by a laboratory certified by WVDHHR. Reliance was certified by WVDHHR to conduct analysis of public drinking water systems for various contaminants, including TTHM and HAA5. The certification required Reliance to follow specific EPA approved testing methods in measuring concentrations of TTHM, HAA5, and other contaminants.

9. The EPA-approved testing method for levels of TTHM required that the analysis be conducted within 14 days of the water sample collection date.

10. The EPA-approved testing method for determining HAA5 levels consisted of two parts. The first part, called an extraction, must be completed within 14 days of the collection date. The second part, instrument analysis, must be conducted within 40 days of the extraction date. The approved testing method required that both the extraction and instrument analysis be timely conducted on all analytical results submitted for compliance with the HAA5 MCL.

11. The instrument analyses for TTHM and HAA5 required the use of helium. Reliance's Bridgeport lab did not have helium in stock from on or about March 19, 2021, through

3

on or about June 24, 2021. Defendant TENLEY MEGAN MILLER knew that helium was required for TTHM and HAA4 analyses, and knew that the Bridgeport lab did not have helium to conduct such analyses from on or about March 19, 2021, through on or about June 24, 2021. The analytical instrument used by defendant TENLEY MEGAN MILLER and Reliance for analysis of TTHM and HAA5 was not used on any dates between March 19, 2021, and June 28, 2021, due to the lack of helium.

12.   On or about May 10, 2021, an employee of the City of Martinsburg delivered samples of the city's drinking water to the Reliance lab in Martinsburg, West Virginia, for analysis of contaminants, including TTHM and HAA5. Reliance transferred the drinking water samples to its lab in Bridgeport, West Virginia. Reliance performed analysis for TTHM and HAA5 only at its lab located in Bridgeport, Harrison County, West Virginia.

13.   On or about a date between June 28, 2021, and July 28, 2021, and at the direction of defendant TENLEY MEGAN MILLER, Reliance sent analytical results from its Bridgeport lab to the City of Martinsburg representing that the results were from analysis of the water samples delivered to Reliance by the city on or about May 10, 2021. Defendant TENLEY MEGAN MILLER asserted that the laboratory analyses for TTHM and HAA5 for the City of Martinsburg had been conducted on May 13, 2021, and May 19, 2021.

14.   The City of Martinsburg submitted the analytical results to WVDHHR on or about July 28, 2021.

15.   The results provided to the City of Martinsburg at the direction of defendant TENLEY MEGAN MILLER, and subsequently submitted by the City of Martinsburg to WVDHHR, stated that the analysis for TTHM was conducted by defendant TENLEY MEGAN MILLER on May 13, 2021, and the analysis for HAA5 was conducted by defendant TENLEY

MEGAN MILLER on May 19, 2021, and stated that both tests were conducted pursuant to the approved EPA test method.

16. In actuality, the above-referenced analyses for TTHM and HAA5 for the City of Martinsburg were conducted by defendant TENLEY MEGAN MILLER, on or about June 28, 2021, at the Reliance lab in Bridgeport, West Virginia.

17. The analytical test for THHM conducted by defendant TENLEY MEGAN MILLER in Bridgeport, West Virginia, on or about June 28, 2021, for the City of Martinsburg samples delivered to Reliance on May 10, 2021, was outside the required regulatory timeframe and would not be accepted by WVDHHR for compliance purposes.

18. Defendant TENLEY MEGAN MILLER and Reliance failed to conduct the extraction step for HAA5 analysis on the drinking water samples provided to Reliance by the City of Martinsburg on May 10, 2021. The analytical test for HAA5 conducted by defendant TENLEY MEGAN MILLER in Bridgeport, West Virginia, on or about June 28, 2021, for the City of Martinsburg samples delivered to Reliance on May 10, 2021, was not in compliance with the approved EPA test method and would not be accepted by WVDHHR for compliance purposes

19. At the time she conducted the analyses for TTHM and HAA5, defendant TENLEY MEGAN MILLER knew the analysis for TTHM was being performed outside the required regulatory timeframe, and the analysis for HAA5 was being performed without the prerequisite extraction step.

20. Defendant TENLEY MEGAN MILLER knowingly changed the dates on computer connected to the analytical equipment to falsely reflect that the analyses had been conducted on dates in May 2021 to conceal the fact that analyses were not conducted pursuant to the required test method.

21.     Defendant TENLEY MEGAN MILLER knowingly submitted, or caused to be submitted, results for TTHM and HAA5 levels that stated the analyses were conducted pursuant to approved EPA test methods when in fact, defendant TENLEY MEGAN MILLER knew the analyses had not been conducted in compliance with approved EPA test methods.

22.     Defendant TENLEY MEGAN MILLER sent, or caused to be sent from Bridgeport, West Virginia, the falsified results for TTHM and HAA5 to the City of Martinsburg knowing the results would subsequently be submitted to the WVDHHR for purposes of compliance with the SDWA.

## COUNT ONE
### (Making False Representation in a Matter Within the Jurisdiction of the Environmental Protection Agency)

23. Paragraphs 1 through 22 of this Information are realleged and expressly incorporated herein as if set out in full.

24. On or about July 2021, in Harrison County, within the Northern District of West Virginia, Defendant TENLEY MEGAN MILLER knowingly and willfully made a materially false, fictitious and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the government of the United States, specifically, of the EPA; namely, that laboratory analyses for TTHM and HAA5 for the City of Martinsburg had been conducted on May 13, 2021, and May 19, 2021, respectively, and further had been conducted pursuant to approved EPA test methods, when in fact the analyses had been conducted on or after June 28, 2021, and had not been conducted pursuant to approved EPA test methods; in violation of Title 18, United States Code, Sections 1001 and 2(a).

William Ihlenfeld
United States Attorney

By: *Stephen Warner*

Stephen Warner
Assistant United States Attorney